

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# Gregory Milton v. Ray

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gregory Milton v. Ray" (2008). *2008 Decisions*. Paper 145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-39**                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1593
_____

GREGORY A. MILTON,
                                        Appellant

v.

M. E. RAY, former Regional Director for the
Northeast Region of the Federal Bureau of Prisons;
TODD W. CERNEY, Disciplinary Hearing Officer for the
Federal Bureau of Prisons at U.S.P. Allenwood, Pennsylvania;
ALAN STEVENSON, former III Unit Manager for the Federal
Bureau of Prisons at U.S.P. Allenwood, Pennsylvania;
G. GALLICK, (A) Counselor for the Federal Bureau of Prisons
at U.S.P. Allenwood, Pennsylvania; J. KAMINSKI, Manager for
the Federal Bureau of Prisons at U.S.P. Allenwood, Pennsylvania;
M. FLANAGAN, Lieutenant for the Federal Bureau of Prisons at
U.S.P. Allenwood, Pennsylvania; R. EDER, Senior Officer Specialist
for the Federal Bureau of Prisons at U.S.P. Allenwood, Pennsylvania

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 04-cv-01586)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2008

Before: RENDELL, HARDIMAN and NYGAARD, Circuit Judges

(Filed: December 8, 2008)

OPINION OF THE COURT

PER CURIAM

Gregory Milton, a prisoner proceeding *pro se*, filed a <u>Bivens</u>[1] action against various officials of the Federal Bureau of Prisons ("BOP"), alleging that BOP disciplinary procedures violated his Due Process and First Amendment rights. The District Court initially granted summary judgment in favor of Defendants as to the due process claims under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). Milton filed a motion for reconsideration, noting that the District Court overlooked additional due process and freedom of speech claims. After granting his motion and considering those claims, the District Court again granted summary judgment in favor of Defendants. Milton filed another motion for reconsideration, which was denied. This appeal followed. Because the appeal does not present a substantial question, we will summarily affirm. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

I

In 2002 and 2003, Milton received sanctions stemming from two incidents at U.S.P. Allenwood, where he is incarcerated. In the first instance, Milton was charged with violating Prohibited Action Code 397, which prohibits "Use of the Telephone for

---

[1]<u>See</u> <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Abuses other than Criminal Activity."[2] After Milton filed a formal resolution request, a Disciplinary Hearing Officer (DHO) conducted a hearing, at which the DHO determined that Milton had violated Code 397. Milton received a sanction of lost phone privileges for three months and a loss of thirteen days' good time credit. Milton appealed the DHO's decision to the Regional Director, arguing that the sanction violated his Due Process and First Amendment Rights. The Regional Director upheld the DHO's decision. Milton then appealed to the General Counsel, which ordered the DHO to reconsider the charge against Milton. Notably, Milton did not argue a First Amendment violation in that final appeal. Upon review of the case, a DHO determined that Milton had not violated Code 397 and reinstated his good time credit. In July 2004, Milton filed the instant action in the District Court.

In the second incident, Milton was charged with "Possession of Anything Not Authorized," in violation of Code 305.[3] At a hearing, a DHO found Milton guilty of violating Code 305 and sanctioned him with two months' loss of commissary privileges and fifteen days' disciplinary segregation, suspended pending 180 days of clear conduct. Milton's appeals were denied and, in August 2004, he amended his pending federal complaint to allege Due Process violations during the Code 305 proceedings.

_____

[2]It was alleged that Milton had initiated a plan of third party contact by suggesting over the phone that his brother contact another relative on Milton's behalf, thereby circumventing BOP's monitoring of inmate communications.

[3]BOP officials alleged that Milton possessed food items taken from the prison cafeteria and secreted in his laundry bag.

II

Milton contends that the District Court improperly granted the Defendants'

motions for summary judgment.[4]  A motion for summary judgment may not be granted

unless the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, admissions on file, and any affidavits show that there is no genuine issue

as to any material fact.  Fed. R. Civ. P. 56(c).  An issue of fact is "genuine only if a

reasonable jury, considering the evidence presented, could find for the nonmoving party."

Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (internal citations omitted).

The burden of proving that there is no genuine issue of material fact is initially

upon the movant; upon such a showing, the burden shifts to the nonmoving party.  See El

v. Southeastern Pennsylvania Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).  The

nonmoving party is required to go beyond the pleadings and by affidavits or by

"depositions, answers to interrogatories and admissions on file" designate "specific facts

showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

_____

[4]Milton's complaint includes the following claims:  the DHO proceedings related to his Code 397 and Code 305 charges failed to provide due process, as required by Wolff v. McDonnell, 418 U.S. 539 (1974), and Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985); the telephone restriction sanctions imposed against Milton under Code 397 violated his free speech rights under the First Amendment; and Code 397 fails to provide fair notice of the conduct it prohibits, in violation of the Due Process Clause of the Fifth Amendment.

## III

When an inmate faces the possibility of loss of good conduct time credits, he should receive: (1) written notice of the claimed violation at least twenty-four hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when doing so would not be unduly hazardous to institutional safety or correctional goals, (3) assistance from a representative, if the charged inmate is illiterate or if complex issues are involved, and (4) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. See Wolff, 418 U.S. at 564. Further, the DHO's decision must be supported by "some evidence" on the record. See Hill, 472 U.S. at 454.

The District Court record overwhelmingly supports the conclusion that the requirements of Wolff and Hill were met in both DHO proceedings. In the Code 397 proceeding, Milton received timely notice of the claimed violation, had the opportunity to call witnesses and present documentary evidence, received assistance from a staff representative, and received a written statement by the DHO concerning the evidence relied upon and the reasons for imposing sanctions. Further, because Milton admitted to making the phone call and asking his brother to contact a third party, evidence existed on the record to support the DHO's decision. Milton has not met his burden of demonstrating the existence of a disputed material fact with regard to the Code 397 claim.

5

IV

Milton's claim with respect to the Code 305 proceeding also lacks merit. "Discipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence, Sandin v. Conner, 515 U.S. 472, 484 (1995), and a sanction of fifteen days' segregated confinement ordinarily does not violate a protected liberty interest. See, e.g., Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (seven months' disciplinary segregation insufficient to trigger due process violation); Griffin v. Vaughan, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months' administrative custody insufficient to trigger due process violation). The District Court reasoned that the suspended term of disciplinary segregation and two months' loss of commissary privileges did not amount to a hardship of sufficient magnitude to implicate a liberty interest, and concluded that summary judgment was appropriate because Wolff due process protections did not apply. We agree.[5]

V

Milton's First Amendment claim also fails. No prisoner may file an action in federal court with respect to prison conditions without first exhausting all available

---

[5]Moreover, even if Wolff's protections applied, we note that the conditions of Wolff and Hill were satisfied. Milton received timely notice of the hearing. He was advised of his rights, indicated that he understood them, and chose not to have a staff representative or witnesses appear on his behalf. The DHO provided a written report explaining the conclusion that Milton committed the proscribed conduct, and inculpatory evidence in the form of Milton's possession of the food provided some support for that decision.

administrative remedies. 42 U.S.C. § 1997e(a). Pursuant to BOP regulations, a federal prisoner found guilty at a DHO hearing of a code violation may appeal the decision to the Regional Director. 28 C.F.R. § 542.14(d)(2). If he does not prevail, he may appeal the Regional Director's decision to the Central Office. 28 C.F.R. § 542.15. At all stages of the administrative appellate process, the inmate must "state specifically the reason[s] for appeal," § 542.15(b)(1), and "an inmate may not raise in an Appeal issues not raised in lower level filings." § 542.15(b)(2). In the instant case, although Milton raised a First Amendment claim in his appeal to the Regional Director, he did not do so in his appeal to the Central Office. Because he failed to exhaust administrative remedies concerning any First Amendment violations, Milton cannot prevail on such a claim in federal court.

## VI

Finally, with regard to Milton's fair notice claim, the District Court reasoned that, in light of the DHO's conclusion that Milton did not violate Code 397, the regulations provided adequate notice.[6] We agree.[7]

In sum, the appeal presents no substantial issues. Accordingly, we summarily affirm the judgment of the District Court.

---

[6]Code 397 prohibits "use of the telephone for abuses other than criminal activity (e.g., conference calling, possession and/or use of another inmate's PIN number, three-way calling, providing false information for preparation of a telephone list)." 28 C.F.R. § 541.13, Table 3.

[7]We also agree with the District Court's reasons for denying Milton's motion for reconsideration.

7